P. KURT PETERSON (SBN 067123)
*kpeterson@pmrlegal.com*
K. Nina Reynolds (State Bar No. 206802)
*nreynolds@pmrlegal.com*
PETERSON MARTIN & REYNOLDS LLP
299 Third Street, Suite 200
Oakland, CA 94607
Telephone:  (415) 399-2900
Facsimile:  (415) 399-2930

Attorneys for Plaintiff
HONEY BAKED HAM INC.

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| HONEY BAKED HAM INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>Honey Baked Ham Company LLC, a Delaware limited liability company, HBH Licensing, LLC, a Georgia limited liability company,<br><br>Defendants. | CASE NO.: 8:19-cv-01528-JVS (DFMx)<br><br>**REPORT OF PARTIES' PLANNING MEETING**<br><br><br><br><br><br><br><br>Complaint filed:  August 7, 2019 |

Counsel for the parties participated in a Rule 26(f) conference on June 29, 2020, as required by Rule 26(f) of the Federal Rules of Civil Procedure and have prepared the following joint report.

The pretrial conference in this matter is scheduled for June 1, 2020, at 10:00 a.m. before the Honorable James V. Selna in courtroom 10C, 477 West Fourth Street, Santa Ana, California.

### SYNOPSIS OF CASE:

The case involves claims by plaintiff, the exclusive California licensee of the Honey Baked Ham brand for more than 30 years, that defendants wrongfully

1   undermined plaintiff's right to engage in online sales and violated plaintiff's exclusive
2   rights to conduct such sales in California under the license agreement between the
3   parties, and that defendants' wrongfully seek to decrease competition and increase
4   prices for defendants' products by engaging in conduct designed to drive plaintiff out
5   of the online business for HBH Brand products in California through unlawful
6   interference with competition and unlawful interference with plaintiff's supply of
7   goods.

8          Plaintiff seeks injunctive relief prohibiting defendants from violating plaintiff's
9   exclusive rights to sell HBH Brand products in California, from interfering with
10  customers' online access to the purchase of plaintiff's HBH Brand products, from
11  restricting plaintiff's supply of HBH Brand products, from depriving customers of
12  significantly lower prices for HBH Brand products offered by plaintiffs, and related
13  injunctive relief.  Plaintiff also seeks an award of contractual attorney fees and costs
14  on plaintiff's claims against defendant HBH Licensing, LLC.

15         Defendants deny plaintiff's claims and have counterclaimed against plaintiff
16  alleging that plaintiff has repeatedly violated the license agreement in numerous ways
17  and is subject to termination. Defendants further allege that plaintiff has engaged in
18  numerous unauthorized and unlawful uses of registered trademarks belonging to
19  Defendant Honey Baked Ham Company, LLC, by affixing those marks to products
20  outside the scope of plaintiff's license and by its unauthorized registration and refusal
21  to transfer ownership of internet domain names containing Defendant's registered
22  marks. Defendants seek declaratory judgments that plaintiff has violated its License
23  Agreement to the point that Defendant HBH Licensing, LLC, is justified in
24  terminating the agreement prior to the expiration of its term or, failing that, that the
25  Plaintiff has violated the License Agreement in numerous ways and must specifically
26  perform the obligations that it has violated. Defendant Honey Baked USA seeks an
27  order enjoining the Plaintiff's ongoing infringement of Honey Baked USA's
28  registered trademarks.

REPORT OF PARTIES' PLANNING MEETING

**LEGAL ISSUES:**

- First Amended Complaint.
    - Does plaintiff sufficiently allege a Business & Professions Code section 17200 claim.
    - Whether and to what extent California franchise law applies.
    - Interpretation and scope of license agreement provisions.
    - Whether and to what extend plaintiff is bound by defendants' internet guidelines and system standards.
- Counterclaims
    - Do defendants sufficiently allege a Lanham Act, Section 32 violation.
    - Do defendants sufficiently allege a Lanham Act, Section 43(a) violation.
    - Do defendants sufficiently allege claims under Business & Professions Code sections 20020 and 20021 for license termination.
    - Is plaintiff a franchisee under Business & Professions Code sections 20020 and 20021.
    - If defendants are not entitled to terminate plaintiff's license, are defendants entitled to specific performance of various provisions of the License Agreement and Brand standards and requirements.
    - Is plaintiff required to transfer to defendant registration and control of internet domain names containing defendant's registered trademarks.
    - Interpretation and scope of License Agreement provisions.

**INITIAL DISCLOSURES:**

The parties have agreed by stipulation, and the Court has ordered, the continuation of the date for initial disclosures pursuant to Rule 26(a)(1), to August 7, 2020.

REPORT OF PARTIES' PLANNING MEETING

**DISCOVERY PLAN AND EXPERTS:**

A.    At least one party believes that discovery will be needed on each of these subjects:

- License agreements for plaintiff (current agreement, predecessor agreements, and license agreement negotiations);
- License agreements for other former regional licensees;
- Claimed license violations and plaintiff's responses;
- Honey Baked Ham Company, LLC board and committee affairs;
- Honey Baked Ham Company, LLC and Licensing formation and consolidation;
- Internet Guidelines;
- System Standards;
- July 22 and July 30, 2019, letters from LLC;
- Buxton and McKinsey reports;
- Positioning Honey Baked Ham Company, LLC/HBH Brand for sale and efforts to sell Honey Baked Ham Company, LLC/HBH Brand;
- National Website and Honey Baked Ham Company, LLC's online shopping website;
- Honey Baked Ham Company, LLC's online advertising and email lists;
- Easter 2020 sales and operations;
- Social media issues;
- Suppliers, supply fulfillment, and supply costs;
- Inspections and audits for plaintiff and for entire "system";
- Product pricing;
- Website analytics for Honey Baked Ham Company, LLC and plaintiff;
- Honey Baked Ham Company, LLC's California customer email list;
- Honey Baked Ham Company, LLC's online sales into California;
- Honey Baked Ham Company, LLC's in-store and online sales outside of California;
- Plaintiff's retail and online sales;

REPORT OF PARTIES' PLANNING MEETING

- The source, production, packaging, and content of sides, condiments, and other items sold by plaintiff.
- The signage, packaging, and other materials using registered Honey Baked Ham Brand trademarks at plaintiff's retail outlets.
- "The signage, packaging, and other materials using registered Honey Baked Ham Brand trademarks at defendant Honey Baked Ham Company, LLC's retail outlets."

B.    Disclosure or discovery of electronically stored information should be handled as follows:

- Exchange of digital media or online electronic exchange.
- The parties have exchanged preferred production protocols for electronically stored information and will work in good faith to exchange documents in mutually agreeable formats.

C.    The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows:

- None. Parties to be governed by existing law on return of privileged material if any is produced.

D.    Dates for commencing and completing discovery.

- Discovery commencement: August 10, 2020.
- Fact Discovery close: Plaintiff proposes April 30, 2021. Defendants propose April 19, 2021
- Expert Discovery close: Plaintiff proposes July 12, 2021. Defendants propose July 5, 2021

E.    The parties have been unable to come to agreement regarding the number of interrogatories. Plaintiff has proposed a maximum of 35 interrogatories per side, while defendants have proposed a maximum of 25 interrogatories per side.

F.    The parties have agreed to a maximum number of 35 requests for admissions per side, with the exception of requests admitting the genuineness of documents.

G.    The parties have been unable to come to agreement regarding the number of depositions. Plaintiff has agreed to a maximum number of 20 depositions

REPORT OF PARTIES' PLANNING MEETING

per side, while defendants have proposed a maximum of 10 depositions per side.

H.    The parties have agreed to a maximum of 8 hours per deposition.

I.    The parties have agreed to disclose experts and exchange expert reports on May 10, 2021.

**MOTIONS:**

There are currently pending before the Court defendants' Motion to Dismiss Count IV of the First Amended Complaint (Doc. 97), scheduled to be heard on August 17, 2020, and plaintiff's Renewed Motion for Preliminary Injunction (Doc. 101), scheduled to be heard on August 10, 2020.

Defendants may file a motion for summary judgment on plaintiff's breach of contract claims.

Neither side contemplates filing any motions to add parties or transfer venue.

**DAMAGES:**

Not applicable.

**INSURANCE:**

Not applicable.

**SETTLEMENT AND SETTLEMENT MECHANISM:**

The parties agree to participate in private ADR by January 8, 2021.

**TRIAL ESTIMATE:**

The parties request a trial date of October 26, 2021. Plaintiff estimates a trial length of 12-15 court days.  Defendants estimate a trial length of 8 days.

- 7 -

**TIMETABLE:**

See attached proposed schedule.

**OTHER ISSUES:**

Defendants' pre-trial compliance with the Court's existing and any later orders regarding the National Website state selector performance?

**CONFLICTS:**

Plaintiff plans to take the deposition of counsel for defendants, David Mayberry, and to call him as a percipient witness at trial.

Defendants intend to oppose any attempt to depose Mr. Mayberry absent plaintiff's demonstration that it meets the standard set forth in *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).

**MAGISTRATES:**

The parties agree to having all discovery disputes heard by Court Magistrate.

Dated: July 13, 2020                PETERSON MARTIN REYNOLDS, LLP


                                    By:  /s/ P. Kurt Peterson
                                         P. Kurt Peterson
                                         Attorneys for Plaintiff Honey Baked Ham, Inc.


Dated: July 13, 2020                KILPATRICK TOWNSEND & STOCKTON LLP


                                    By:  /s/ J. David Mayberry
                                         J. David Mayberry
                                         Attorneys for Defendants, Honey Baked Ham
                                         Company LLC and HBH Licensing, LLC

REPORT OF PARTIES' PLANNING MEETING

1

## SIGNATURE CERTIFICATION

Pursuant to 5-4.3.4(a)(2)(i) of the Local Rules - Central District of California, I, P. Kurt Peterson, certify that the content of this document is acceptable to John David Mayberry, counsel for Defendants.

REPORT OF PARTIES' PLANNING MEETING