1  Jonathan Solish (CA Bar No. 67609)
   jonathan.solish@bclplaw.com
2  Glenn J. Plattner (CA Bar No. 137454)
   Glenn.plattner@bclplaw.com
3  Alfred Shaumyan (CA Bar No. 266908)
   Alfred.shaumyan@bclplaw.com
4  David J. Root (CA Bar No. 307251)
   David.root@bclplaw.com
5  **BRYAN CAVE LEIGHTON PAISNER LLP**
   120 Broadway, Suite 300
6  Santa Monica, California  90401-2386
   Telephone:    (310) 576-2100
7  Facsimile:    (310) 576-2200

8  Attorneys for Plaintiff and Cross-Defendant
   HONEY BAKED HAM INC.
9

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| **HONEY BAKED HAM INC.,**<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>**HONEY BAKED HAM COMPANY LLC, et al.,**<br><br>Defendants/Counterclaim Plaintiffs. | Case No.:8:19-cv-01528-JVS (DFMx)<br><br>Judge: Hon. James V. Selna<br><br>**SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION OF PLAINTIFF AND COUNTERCLAIM DEFENDANT HONEY BAKED HAM INC.'S FOR PARTIAL SUMMARY JUDGMENT ON SECOND AMENDED COUNTERCLAIM**<br><br>[Filed with Notice of Motion and Motion; Separate Statement; Appendix of Exhibits; Declarations of Jonathan Solish, Richard Gore, and Nancy Wang; [Proposed] Order and Judgment]<br><br>Date:       October 4, 2021<br>Time:       1:30 p.m.<br>Courtroom:  10C |

USA.603805845.9/J9L

Plaintiff and Counterclaim Defendant Honey Baked Ham, Inc. ("Honey Baked California") hereby submits the following Separate Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Partial Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56-1 of the Local Rules of the United States District Court for the Central District of California:

## Separate Statement Of Uncontroverted Facts

### I.     Background Facts

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1.     Honey Baked California has held the license to franchise and operate Honey Baked outlets in California for more than fifty years. | 1.     Declaration of Richard Gore ("Gore Dec."), ¶ 5. |
| 2.     On April 23, 2015, the parties entered into a renewed license agreement that does not expire until June 30, 2036 (the "License Agreement"). | 2.     Gore Dec., ¶ 6 and Appendix of Exhibits ("Appx. of Exs."), Ex. 1 (License Agreement). |
| 3.     Before the pandemic, the franchisor praised Honey Baked California: "California has the highest (quality control) scores in the HBH retail system! . . . The effort you put into the overall program is just terrific. You should be very proud of those results." | 3.     Gore Dec., ¶ 42, Appx. of Exs., Ex. 12. |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 4.    In Easter of 2020, Honey Baked California was faced with Pandemic challenges that included a dramatic six-fold increase in customer orders; an inability to obtain shipment of food containers from China; an inability to cancel pre-ordered television advertisements; the closure of its major supplier due to a COVID outbreak; the overload of Internet and telephone communications systems; and the failure of local delivery services to pick up and deliver products on schedule. | 4.    Gore Dec., ¶¶ 36-40. |
| 5.    These challenges resulted in customer complaints. | 5.    Gore Dec., ¶ 40. |

## II.    The Franchise Termination Claims Fail as a Matter of Law (Counts XI and XII)

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 6.    "Honey Baked California is a franchisee of the HBH Brand within the meaning of § 20020" and "[t]he License Agreement is a franchise agreement within the meaning of § 20021." | 6.    Declaration of Jonathan Solish ("Solish Dec."), ¶¶ 2-3, Appx. of Exs., Ex. 16 (Dkt. #99, June 22, 2020 Answer to Plaintiff's First Amended Complaint for Injunctive Relief and |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | Counterclaims) at ¶¶ 249, 251, 259, 261; Ex. 17 (Dkt. #144, October 22, 2020 Answer to Plaintiff's Second Amended Complaint and Second Amended Counterclaims) at ¶¶ 266, 268, 276, 278. |
| 7.      Section 13(c)(vi) of the License Agreement provides that all of Honey Baked California's "right, title and interest in its sublicense agreements shall be assigned, transferred and conveyed to [Honey Baked Licensing] automatically upon termination of this Agreement prior to the expiration of the term. . . ." | 7.      Gore Dec., ¶ 6, Appx. of Exs., Ex. 1 (License Agreement) at § 13(c)(vi). |
| 8.      Honey Baked Licensing acknowledges that the California franchise system becomes its property upon termination of the License Agreement. | 8.      Solish Dec., ¶ 9, Appx. of Exs., Ex. 23, Deposition of John David Jones ("Jones Depo."), at 53:12-16. |
| 9.      The Counterclaimants contend that three documents serve as their statutory notices to terminate the California franchise:  (1) a November 1, 2019 letter; (2) the Answer to Plaintiff's First Amended | 9.      Solish Dec., ¶ 4, Appx. of Exs., Ex. 18 (Honey Baked Ham Company LLC's Responses to Second Set of Requests for Admission) at 3:1-4:13. |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| Complaint for Injunctive Relief, and the Counterclaims filed on June 22, 2020; and (3) the Answer to Plaintiff's Second Amended Complaint and Second Amended Counterclaims filed on October 22, 2020. | |
| 10.    The Counterclaimants admit "that the November [1], 2019 notice was not posted to Plaintiff by registered, certified, or other receipted mail, or delivered personally or by telegram…." | 10.    Solish Dec., ¶ 4, Appx. of Exs., Ex. 18 (Honey Baked Ham Company LLC's Responses to Second Set of Requests for Admission) at 4:14-5:2. |
| 11.    The Counterclaimants also admit "that the June 22, 2020 notice was not posted to Plaintiff by registered, certified, or other receipted mail, or delivered personally or by telegram…." | 11.    Solish Dec., ¶ 4, Appx. of Exs., Ex. 18 (Honey Baked Ham Company LLC's Responses to Second Set of Requests for Admission) at 5:4-15. |
| 12.    The Counterclaimants also admit "that the October 22, 2020 notice was not posted to Plaintiff by registered, certified, or other receipted mail, or delivered personally or by telegram . . . ." | 12.    Solish Dec., ¶ 4, Appx. of Exs., Ex. 18 (Honey Baked Ham Company LLC's Responses to Second Set of Requests for Admission) at 5:16-27. |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 13.     Linda van Rees served as the CEO of both Counterclaims until earlier this year. | 13.     Solish Dec., ¶ 5, Appx. of Exs., Ex. 19, Deposition of Linda van Rees ("van Rees Depo."), at 7:20-8:5. |
| 14.     Linda van Rees was designated as the witness most knowledgeable on any notices of noncompliance, opportunities to cure, and notices of immediate termination. | 14.     Solish Dec., ¶ 6, Appx. of Exs., Ex. 20 (Notices of Deposition to Counterclaimants, along with designations by counsel). |
| 15.     Ms. van Rees was asked, "Did [Honey Baked Licensing] ever immediately terminate the California license," and answered, "No." | 15.     Solish Dec., ¶ 5, Appx. of Exs., Ex. 22, van Rees Depo., at 388:21-23. |
| 16.     Asked "Is there any place else that a date of termination of the license agreement was provided to the licensee in California?," Ms. van Rees answered,  "Not that I'm aware of." | 16.     Solish Dec., ¶ 5, Appx. of Exs., Ex. 22, van Rees Depo., at 394:24-395:2. |
| 17.     On the day after Easter in 2020, Ms. van Rees considered that "we may go to court for a preliminary injunction on [Honey Baked California]."  She inquired as to what the evidence would show "if we | 17.     Solish Dec., ¶ 23, Appx. of Exs., Ex. 37. |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

PLAINTIFF AND COUNTERCLAIM DEFENDANT HONEY BAKED HAM INC.'S SEPARATE STATEMENT IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| go in front of judge." This immediate termination option was considered but not acted upon. | |
| 18.      The November 1, 2019 letter does not state that Honey Baked Licensing is immediately terminating the franchise. | 18.      Solish Dec., ¶ 21, Appx. of Exs., Ex. 35. |
| 19.      Ms. van Rees was designated as the person most knowledgeable on any notice of default or opportunity to cure. | 19.      Solish Dec., ¶ 6, Appx. of Exs., Ex. 20. |
| 20.      When asked if Honey Baked California had been provided with a right to cure, Ms. van Rees answered, "The license agreement says how long he has to cure." | 20.      Solish Dec., ¶ 8, Appx. of Exs., Ex. 22, van Rees Depo., at 394:2-8. |
| 21.      The November 1, 2019 letter states: "Honey Baked California's numerous breaches of the License Agreement and violations of law expose it to *potential termination* of the License Agreement." (Emphasis added) | 21.      Solish Dec., ¶ 21, Appx. of Exs., Ex. 35. |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 22.  The Counterclaims do not assert the immediate termination of the franchise. | 22.  *See generally* Solish Dec., ¶¶ 2-3, Appx. of Exs., Ex. 16 (Dkt. #99, June 22, 2020 Answer to Plaintiff's First Amended Complaint for Injunctive Relief and Counterclaims); Ex. 17 (Dkt. #144, October 22, 2020 Answer to Plaintiff's Second Amended Complaint and Second Amended Counterclaims). |
| 23.  The Counterclaims do not give provide any right to cure. | 23.  *See generally* Solish Dec., ¶¶ 2-3, Appx. of Exs., Ex. 16 (Dkt. #99, June 22, 2020 Answer to Plaintiff's First Amended Complaint for Injunctive Relief and Counterclaims); Ex. 17 (Dkt. #144, October 22, 2020 Answer to Plaintiff's Second Amended Complaint and Second Amended Counterclaims). |
| 24.  The Counterclaims do not provide a specific reason for termination. | 24.  *See generally* Solish Dec., ¶¶ 2-3, Appx. of Exs., Ex. 16 (Dkt. #99, June 22, 2020 Answer to Plaintiff's First Amended Complaint for Injunctive Relief and Counterclaims); 17 (Dkt. #144, October 22, 2020 Answer to Plaintiff's Second Amended Complaint |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

USA.603805845.9/J9L

7

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | and Second Amended Counterclaims). |
| 25.     The Counterclaims do not provide a termination date. | 25.     *See generally* Solish Dec., ¶¶ 2-3, Appx. of Exs., Ex. 16 (Dkt. #99, June 22, 2020 Answer to Plaintiff's First Amended Complaint for Injunctive Relief and Counterclaims); Ex. 17 (Dkt. #144, October 22, 2020 Answer to Plaintiff's Second Amended Complaint and Second Amended Counterclaims). |
| 26.     Honey Baked USA acknowledges that "errors, failures" occur and that "[p]erfection is not possible.  You're going to fail to meet the–the mark." | 26.     Solish Dec., ¶ 17, Appx. of Exs., Ex. 31, Deposition of Dan McAleenan ("McAleenan Depo."), at 126:13-18. |
| 27.     After Easter of 2020, Honey Baked California issued $502,000 in customer refunds and also issued complimentary gift cards. | 27.     Gore Dec., ¶ 41. |
| 28.     Honey Baked USA has retained an independent quality control inspection company, Steritech, to conduct "food safety-focused audits" on all Honey Baked | 28.     Solish Dec., ¶ 17, Appx. of Exs., Ex. 31, McAleenan Depo., at 38:19-39:1; 41:7-9, 50:4-19. |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

PLAINTIFF AND COUNTERCLAIM DEFENDANT HONEY BAKED HAM INC.'S SEPARATE STATEMENT
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| stores nationwide, to ensure compliance with Honey Baked USA "standards and local authority standards for health and food safety, product temperatures and cleanliness and sanitation standards." | |
| 29.    The inspections conducted by Steritech in California stores from July 16 through August 4, 2021, resulted in grades of 99.3; 99.3; 98.1; 98.7; 99.3 and 100 on a scale of 100. | 29.    Gore Dec., ¶ 43, Appx. of Exs., Ex. 13. |
| 30.    Dan McAleenan, Honey Baked USA's COO, testified that the audits establish that Honey Baked California is "meeting those standards defined in those [audit] reports." | 30.    Solish Dec., ¶ 17, Appx. of Exs., Ex. 31, McAleenan Depo., at 50:4-19. |
| 31.    Honey Baked USA has never terminated a franchise or closed a corporate store for failing these audits. | 31.    Solish Dec., ¶ 17, Appx. of Exs., Ex. 31, McAleenan Depo., at 94:25-95:10. |
| 32.    When franchisees outside of California do not receive high enough scores on their audits, "they submit an | 32.    Solish Dec., ¶ 17, Appx. of Exs., Ex. 31, McAleenan Depo., at 52:25-53:5. |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| action plan" for correcting the deficiencies and Honey Baked USA works with its franchisees to ensure compliance. | |
| 33.    Honey Baked Licensing has continued to accepted royalties of more than $1.3 million after filing its original counterclaim. | 33.    Gore Dec., ¶ 44; Declaration of Nancy Wang ("Wang Dec."), ¶ 4. |
| 34.    Since Easter of 2020, Honey Baked California has spent $110,000 completely remodeling two stores and a third store that's in progress. | 34.    Gore Dec., ¶ 45. |
| 35.    Honey Baked Licensing has continuously updated its standards and guidelines for remodeling stores and those standards have been followed in the remodels. | 35.    Gore Dec., ¶ 45. |
| 36.    Had Honey Baked California received a notice of immediate termination of its franchise, these investments would not have been made. | 36.    Gore Dec., ¶ 45. |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 37. Honey Baked California has also committed to purchase over $5,316,000 in branded hams and $740,000 in other branded products in anticipation of upcoming holidays that it would not have the right to sell or use if its franchise were to be terminated. | 37. Gore Dec., ¶ 46. |

## III. The Specific Performance Claims Fail as a Matter of Law (Counts I - VI)

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 38. Counts I through VI of the Counterclaim seek "an order directing Honey Baked California to specifically perform its obligations under the License Agreement. . . ." | 38. Solish Dec., ¶¶ 2-3, Appx. of Exs., Ex. 16 (Dkt. #99) at ¶¶ 172, 185, 198, 206, 219, 228; Ex. 17 (Dkt. #144) at ¶¶ 179, 192, 205, 213, 227, 236. |
| 39. The License Agreement requires continuous performance by the parties for at least another fourteen years. | 39. Gore Dec., ¶ 6, Appx. of Exs., Ex. 1 (License Agreement) at §§ 3, 6. |
| 40. The former CEO of Honey Baked Licensing, Ms. van Rees, acknowledged that because "California is a licensee," "we | 40. Solish Dec., ¶ 5, Appx. of Exs., Ex. 19, van Rees Depo, at 49:1-4. |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| don't direct them at the same level that we would direct a franchisee." | |
| 41.    "With a licensee, licensees are basically to self-regulate . . . . [T]he contract would say these are the marks you have to hit, and how you get there, as a licensee, is up to you." | 41.    Solish Dec., ¶ 8, Appx. of Exs., Ex. 22, van Rees Depo, at 230:21-232:12. |
| 42.    The License Agreement calls for Honey Baked California to exercise special skill and judgment in its individual business decisions about the management of its Honey Baked stores. | 42.    Gore Dec., ¶ 6, Appx. of Exs., Ex. 1 (License Agreement) at § 6(b)(x). |
| 43.    The License Agreement requires Honey Baked California to exercise special skill and judgment in the selection, training, and oversight of its sub-licensees. | 43.    Gore Dec., ¶ 6, Appx. of Exs., Ex. 1 (License Agreement) at § 15. |
| 44.    Honey Baked California predicts future sales volume, makes long-range purchases of hams, sets pricing and manages its business based on more than 50 years of experience in the California | 44.    Gore Dec., ¶¶ 34-35. |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| market. | |
| 45.     Honey Baked California is the manager of its own territory. | 45.     Gore Dec., ¶ 6, Appx. of Exs., Ex. 1 (License Agreement) at §§ 1(d), 2(a). |
| 46.     The transfer provision of the License Agreement imposes conditions on any assignee franchisee that focus on the "financial capacity, retail and other business experience." | 46.     Gore Dec., ¶ 6, Appx. of Exs., Ex. 1 (License Agreement) at § 14. |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

PLAINTIFF AND COUNTERCLAIM DEFENDANT HONEY BAKED HAM INC.'S SEPARATE STATEMENT
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM

## V.   The Claims for the Unauthorized Use of Trademarks Fail (Counts IV, V, VIII and X)

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 47.   Counts VIII and X of the Counterclaim assert that Honey Baked California has used Honey Baked USA's trademarks on side dishes and on Internet domain names "[w]ithout authorization or approval." | 47.   Solish Dec., ¶¶ 2-3, Appx. of Exs., Ex. 16 (Dkt. # 99) at ¶ 232; Ex. 17 (Dkt. #144) at ¶ 249. |
| 48.   Counts IV and V of the Counterclaim assert that Honey Baked California breached the License Agreement by using the Honey Baked trademarks on certain products and failing to assign the shophoneybaked.com domain name. | 48.   Solish Dec., ¶¶ 2-3, Appx. of Exs., Ex. 16 (Dkt. # 99) at ¶¶ 204, 213; Ex. 17 (Dkt. #144) at ¶¶ 211, 220. |
| 49.   Despite allegations that the use of Honey Baked trademarks on side dishes is unauthorized, the Counterclaimants allege that *their own brand standards* **require** the use of their trademarks "on packaging for side dishes and condiments." | 49.   Solish Dec., ¶¶ 2-3, Appx. of Exs., Ex. 16 (Dkt. # 99) at ¶¶ 146-147; Ex. 17 (Dkt. #144) at ¶¶ 152-153. |
| 50.   The Counterclaim includes full color mock-ups of how the Honey Baked | 50.   Solish Dec., ¶¶ 2-3, Appx. of Exs., Ex. 16 (Dkt. # 99) at ¶¶ 146-147; |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

PLAINTIFF AND COUNTERCLAIM DEFENDANT HONEY BAKED HAM INC.'S SEPARATE STATEMENT IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| trademarks are supposed to appear on side dishes like "Cheesy Potatoes" and "Cranberry Walnut Chutney." | Ex. 17 (Dkt. #144) at ¶¶ 152-153. |
| 51.   Honey Baked California is obligated to "abide by and conform to the standards of Licensor" under section 6(b) of the License Agreement. | 51.   Gore Dec., ¶ 6, Appx. of Exs., Ex. 1 (License Agreement) at § 6(b). |
| 52.   In Honey Baked USA's Initial Disclosures, Jo Ann Herold was disclosed as the witness knowledgeable about "Honey-Baked Brand standards for marketing, use, and display of the Proprietary Marks." | 52.   Solish Dec., ¶ 11, Appx. of Exs., Ex. 25 (Defendants' Initial Disclosures). |
| 53.   Ms. Herold was shown pages 21 and 23 of Exhibit 202 (the Honey Baked Standards Manual) and asked if they depicted the brand standard for "how side dishes are supposed to be packaged" and "the brand standard for condiments and soup." | 53.   Solish Dec., ¶¶ 12-13, Appx. of Exs., Ex. 26, Deposition of Jo Ann Herold ("Herold Depo."), at 58:6-16; Ex. 27 (Standards Manual) at HBHUSA0072561, 563. |
| 54.   Page 21 of the Standards Manual | 54.   Solish Dec., ¶ 13, Appx. of Exs., |

USA.603805845.9/J9L                    15

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| includes an exemplar of a deconstructed package of Cheesy Potatoes, where the Honey Baked trademarks appear three times in full color, and the Honey Baked logo appears twice. | Ex. 27 (Standards Manual) at HBHUSA0072561. |
| 55.    The Honey Baked trademark appears in full color on the Standards for desserts. | 55.    Solish Dec., ¶ 13, Appx. of Exs., Ex. 27 (Standards Manual) at HBHUSA0072562. |
| 56.    The name Honey Baked appears three times on the Standards for condiments. | 56.    Solish Dec., ¶ 13, Appx. of Exs., Ex. 27 (Standards Manual) at HBHUSA0072562. |
| 57.    Franchisees are instructed:  "Always lead with the HONEYBAKED seal as hero. . . ." | 57.    Solish Dec., ¶ 13, Appx. of Exs., Ex. 27 (Standards Manual) at HBHUSA0072561. |
| 58.    Outside of California, all franchisees sell side dishes "that are marked with the Honey Baked Ham trademark" and they "don't pay an extra royalty" for the right to do so. | 58.    Solish Dec., ¶ 5, Appx. of Exs., Ex. 19, van Rees Depo., at 140:24-141:6. |
| 59.    In a letter dated November 1, 2019, | 59.    Solish Dec., ¶ 21, Appx. of Exs., |

PLAINTIFF AND COUNTERCLAIM DEFENDANT HONEY BAKED HAM INC.'S SEPARATE STATEMENT
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
| --- | --- |
| Honey Baked Licensing claimed that Honey Baked California was using "outdated packaging materials" on side dishes.  Instead of objecting to the unauthorized use of the Honey Baked trademarks on side dishes, Honey Baked Licensing only requested that the more current graphics for the Honey Baked trademarks be used instead. | Ex. 35 at HBHUSA0131504. |
| 60.     According to the Counterclaimants, Honey Baked California's use of the Honey Baked trademarks on non-Branded Products, like side dishes, is an unauthorized use of trademarks, supporting a recently asserted claim that Honey Baked California owes an additional $61,838,479 for the unauthorized use of trademarks. | 60.     Solish Dec., ¶ 10, Appx. of Exs., Ex. 24, Expert Report of Robert A. Taylor ("Taylor Report"), at 21. |
| 61.     The Second Amended Counterclaim does not seek damages for the use of the trademarks. | 61.     *See generally* Solish Dec., ¶ 3, Appx. of Exs., Ex. 17 (Dkt. #144). |
| 62.     The "COMPUTATION OF | 62.     Solish Dec., ¶ 11, Appx. of Exs., |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| DAMAGES" section of the Initial Disclosures states that "Honey Baked USA is not seeking damages in this action." | Ex. 25 (Defendants' Initial Disclosures). |
| 63.    This was "supplemented" at the eleventh hour, followed soon after by an "expert" report claiming $61,838,479 for the unauthorized use of trademarks. | 63.    Solish Dec., ¶¶ 10, 24, Appx. of Exs., Ex. 38 (Defendants' June 27, 2021 Supplemental Disclosures) at 2:20-3:2; Ex. 24, Taylor Report, at 21. |
| 64.    Honey Baked California has sold the subject products with the trademarks on them since at least the early 2000s. | 64.    Gore Dec., ¶¶ 28, 30, Appx. of Exs., Exs. 10-11. |
| 65.    Until the filing of the Answer to Plaintiff's First Amended Complaint for Injunctive Relief and Counterclaims in June of 2020, Counterclaimants did not object to the use of the trademarks on these products. | 65.    Gore Dec., ¶¶ 28, 31. |
| 66.    In the "late 1990s, early 2000s," Honey Baked USA "went through nationally and we looked at all of the materials. . . [W]e went out to each one of the areas and we pulled bags and boxes and | 66.    Solish Dec., ¶ 5, Appx. of Exs., Ex. 19, van Rees Depo., at 153:10-20. |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| labels and just everything to see how the trademark was being utilized." | |
| 67.    Linda van Rees, the CEO of Honey Baked USA, visited the California stores "probably half a dozen times, at least." | 67.    Solish Dec., ¶¶ 5, 25, Appx. of Exs., Ex. 19, van Rees Depo., at 138:15-21; Ex. 39. |
| 68.    Ms. van Rees ordered employees to visit "EVERY store in California unannounced and unknown to California and create a checklist. . ." | 68.    Solish Dec., ¶¶ 5, 25, Appx. of Exs., Ex. 22, van Rees Depo., at 275:13-19; Ex. 39. |
| 69.    Honey Baked USA "had people buy products from California stores." | 69.    Solish Dec., ¶ 5, Appx. of Exs., Ex. 19, van Rees Depo., at 139:9-11. |
| 70.    The CEO of Honey Baked USA even hired investigators to go through the trash at Honey Baked stores in California at night without notice to the California licensee. | 70.    Solish Dec., ¶ 8, Appx. of Exs., Ex. 22, van Rees Depo., at 415:13-16, 418:1-9. |
| 71.    "In February of 2015, the predecessor of HBH Licensing, HBH Limited Partnership, commissioned an independent laboratory to conduct testing | 71.    Solish Dec., ¶¶ 2-3, Appx. of Exs., Ex. 16 (Dkt. # 99) at ¶ 46; Ex. 17 (Dkt. #144) at ¶ 50. |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

PLAINTIFF AND COUNTERCLAIM DEFENDANT HONEY BAKED HAM INC.'S SEPARATE STATEMENT
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| of side dishes manufactured by Honey Baked California in its in-house, non-FDA inspected facilities." | |
| 72.    While the independent testing allegedly "revealed high levels of bacteria microorganisms," Counterclaimants did not object to the use of the trademarks on the side dishes. | 72.    Gore Dec., ¶¶ 28, 31; Solish Dec., ¶¶ 2-3, Appx. of Exs., Exs. 16 (Dkt. # 99) at ¶ 47; Ex. 17 (Dkt. #144) at ¶ 51. |
| 73.    The pre-contract Term Sheet states that the Licensor "will visit every Retail Outlet before executing the agreement." | 73.    Gore Dec. ¶ 7, Appx. of Exs., Ex. 2. |
| 74.    "California Mystery shops," provided "details on a store by store basis," that included a report about the "deli case," a list of "sides from the Deli," and a color photograph of a side dish that prominently displays the Honey Baked brand. | 74.    Solish Dec., ¶¶ 17-19, Appx. of Exs., Ex. 31, McAleenan Depo., at 72:6-11; 73:8-74:1; Ex. 32 at HBHUSA0011974-11975; Ex. 33 at HBHUSA0017713, HBHUSA0017715. |
| 75.    Counterclaimants' counsel, Mr. Mayberry, was copied on a Mystery Shops report. | 75.    Solish Dec., ¶ 18, Appx. of Exs., Ex. 32. |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 76.    On June 30 and July 1, 2015, Honey Baked California's Vice President met with Counterclaimants' executives and employees. | 76.    Gore Dec., ¶ 29. |
| 77.    At the July 1 meeting, the parties discussed the products that both Honey Baked California and Counterclaimants sold in their stores and online, including the fact that Honey Baked California was selling the subject items with the Honey Baked name on them. | 77.    Gore Dec., ¶ 29; *see also* Solish Dec. ¶ 30, Appx. of Exs., Ex. 44. |
| 78.    In September of 2015, the then CEO of Counterclaimants, Dave Keil, visited Honey Baked California stores and thought that the "overall product quality looked pretty good," but "there was too much product on the floor." | 78.    Solish Dec., ¶¶ 17, 22, Appx. of Exs., Ex. 31, McAleenan Depo., at 69:1-19, 70:23-71:4; Ex. 36. |
| 79.    In March of 2017, the CEO of Counterclaimants at the time, Linda Heasley, visited the California stores with the then general counsel of Honey Baked | 79.    Solish Dec., ¶¶ 17, 26, Appx. of Exs., Ex. 31, McAleenan Depo., at 76:17-25, 77:4-13; Ex. 40. |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

PLAINTIFF AND COUNTERCLAIM DEFENDANT HONEY BAKED HAM INC.'S SEPARATE STATEMENT
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| USA, Adam Haight. | |
| 80.     After the visit, Ms. Heasley sent a letter to California stating that Counterclaimants were focused on reviewing Honey Baked California's "entire product line" and verifying that side dishes "comply with the applicable requirements surrounding labeling information." | 80.     Solish Dec., ¶ 26, Appx. of Exs., Ex. 40. |
| 81.     The Counterclaim even claims that since February of 2016, Honey Baked Licensing has been discussing "labeling practices" with Honey Baked California. | 81.     Solish Dec., ¶¶ 2-3, Appx. of Exs., 17 (Dkt. #144) at ¶ 69; Ex. 16 (Dkt. # 99) at ¶ 65. |
| 82.     In May of 2018, Counterclaimants "completed a thorough review of the California ecommerce packaging and products." | 82.     Solish Dec., ¶ 20, Appx. of Exs., Ex. 34 at HBHUSA0005224. |
| 83.     Counterclaimants use third-party auditors to audit every single Honey Baked California store.  These audits are conducted twice a year. | 83.     Solish Dec., ¶ 17, Appx. of Exs., Ex. 31, McAleenan Depo., at 40:24-41:5. |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

PLAINTIFF AND COUNTERCLAIM DEFENDANT HONEY BAKED HAM INC.'S SEPARATE STATEMENT
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 84. Honey Baked California has always emphasized the "sale of side dishes." | 84. Solish Dec., ¶ 5, Appx. of Exs., Ex. 19, van Rees Depo., at 139:20-23. |
| 85. Honey Baked California has invested a significant amount of time and money in developing the products. | 85. Gore Dec., ¶ 32. |
| 86. Honey Baked California has also been prejudiced by the loss of evidence throughout the years. | 86. Gore Dec., ¶ 33. |
| 87. Honey Baked California would have removed the trademarks from the subject products if Defendants had objected. | 87. Gore Dec., ¶ 31. |
| 88. Honey Baked California pays a 3% royalty on all sales of "Branded Products and Non-Branded Products." | 88. Gore Dec., ¶ 6, Appx. of Exs., Ex. 1 (License Agreement) at § 2(a). |
| 89. Section 6(c)(iv) of the License Agreement authorizes Honey Baked California to "operate and maintain a website for its Business using the Proprietary Marks only at a domain name | 89. Gore Dec., ¶ 6, Appx. of Exs., Ex. 1 (License Agreement) at § 6(c)(iv). |

PLAINTIFF AND COUNTERCLAIM DEFENDANT HONEY BAKED HAM INC.'S SEPARATE STATEMENT
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| approved in writing by Licensor." | |
| 90.     Honey Baked California registered the *shophoneybaked.com* domain in 2004 and has used the *shophoneybaked.com* domain in commerce since at least 2007. | 90.     Gore Dec., ¶¶ 11-12, Appx. of Exs., Exs. 4, 5. |
| 91.     On May 24, 2010, five years prior to the 2015 License Agreement, Honey Baked Licensing sent a letter stating: "We wanted to take this opportunity to clarify that Licensees are licensed to use HONEYBAKED domain names  .  .  .  ." | 91.     Gore Dec., ¶ 20, Appx. of Exs., Ex. 8 at HBHCA0008715. |
| 92.     The May 24, 2010 letter identified the domain names shophoneybaked.com and hbhca.com as Honey Baked California's domain names. | 92.     Gore Dec., ¶¶ 20-21, Appx. of Exs., Ex. 8. |
| 93.     The Counterclaimants again expressly authorized the use of the shophoneybaked.com site in 2018.  On July 13, 2018, Sean Heslin of Honey Baked California wrote to Honey Baked USA, requesting the right to replace the | 93.     Gore Dec., ¶ 22, Appx. of Exs., Ex. 9; Solish Dec., ¶ 14, Appx. of Exs., Ex. 28, Bolton Depo., at 23:1-26:12. |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

PLAINTIFF AND COUNTERCLAIM DEFENDANT HONEY BAKED HAM INC.'S SEPARATE STATEMENT IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| ca.honeybaked.ca with the shophoneybaked.com domain. | |
| 94.   Bill Bolton was designated as the witness most knowledgeable about the national website. | 94.   Solish Dec., ¶ 6, Appx. of Exs., Ex. 20. |
| 95.   The move to shophoneybaked.com could not have been consummated without Bill Bolton's help. | 95.   Solish Dec., ¶ 14, Appx. of Exs., Ex. 28, Bolton Depo., at 23:12-25:3. |
| 96.   Mr. Bolton acknowledged that he approved the request to have referrals routed to shophoneybaked.com—"And you approved it?  Yes I did." | 96.   Solish Dec., ¶ 14, Appx. of Exs., Ex. 28, Bolton Depo., at 24:23-25:3. |
| 97.   At a March 19, 2010 Board of Directors Meeting of the Licensor, a document was presented, "showing ownership of domain names" by the Honey Baked licensees. | 97.   Gore Dec., ¶ 15, Appx. of Exs., Ex. 6. |
| 98.   David Mayberry, counsel for the Counterclaimants in this action, said that the Licensor would be "best protected by | 98.   Gore Dec., ¶¶ 15-16, Appx. of Exs., Ex. 6. |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| having ownership of the domain names." | |
| 99.    On May 10, 2010, Mr. Mayberry subsequently wrote a memo discussing the Licensor's options in dealing with the contested ownership of Honeybaked domain names by Honeybaked licensees. | 99.    Gore Dec., ¶ 17, Appx. of Exs., Ex. 7. |
| 100.    Linda van Rees (who was then a licensee and not the CEO) was refusing the Licensor's request to turn over the Honey Baked domain names used by her family's licensee entity; as Mr. Mayberry explained, "she wants to keep the ownership [of the domain name] as a bargaining chip." | 100.    Gore Dec., ¶¶ 17-18, Appx. of Exs., Ex. 7. |
| 101.    Mr. Mayberry suggested that one option would be to send out a "non-waiver letter . . . reserving all rights until the other issues are sorted out." | 101.    Gore Dec., ¶¶ 17-18, Appx. of Exs., Ex. 7. |
| 102.    Although it considered doing so in 2010, the Licensor never sent a letter to the licensees stating that it was not waiving its rights in failing to contest ownership of the | 102.    Gore Dec., ¶ 19. |

PLAINTIFF AND COUNTERCLAIM DEFENDANT HONEY BAKED HAM INC.'S SEPARATE STATEMENT
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| Honey Baked domain names. | |
| 103.    On May 24, 2010, in granting Honey Baked California permission to *use* the domain shophoneybaked.com, the Licensor asserted the claim that the Licensees "are not permitted to *own* HONEYBAKED domain names." (Emphasis added) | 103.    Gore Dec., ¶ 20, Appx. of Exs., Ex. 8. |
| 104.    The Licensor's May 24, 2010 letter demanded that Honey Baked California "promptly take steps to transfer the registration [of the domain names] to the Partnership, and in any event, by April 30, 2010." | 104.    Gore Dec., ¶¶ 20-21, Appx. of Exs., Ex. 8. |
| 105.    In the Release attached to the License Agreement, the Licensor released all known and unknown "*claims, demands, debts, liabilities, actions, and causes of action of whatever kind*" that existed as of April 23, 2015.  (Emphasis added) | 105.    Gore Dec., ¶ 6, Appx. of Exs., Ex. 1 (License Agreement) at Ex. F (Release Agreement). |
| 106.    Honey Baked California was | 106.    Gore Dec., ¶ 6, Appx. of Exs., |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

PLAINTIFF AND COUNTERCLAIM DEFENDANT HONEY BAKED HAM INC.'S SEPARATE STATEMENT IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| contractually barred from registering a domain name *after* the License Agreement had been signed. | Ex. 1 (License Agreement) at § 6(c)(iv). |
| 107.   Honey Baked California registered the shophoneybaked.com domain in 2004, eleven years before the 2015 License Agreement. | 107.   Gore Dec., ¶ 11, Appx. of Exs., Ex. 4. |
| 108.   The License Agreement necessarily assumes that licensees will already own some Honeybaked domain names, because § 13(c)(iii) requires the licensee to assign all of its ownership rights to any domain names that contain the word "Honeybaked" upon termination of the Agreement and irrevocably appoints the Licensor as attorney-in-fact to direct any agency to transfer such domain names to the Licensor. | 108.   Gore Dec., ¶ 6, Appx. of Exs., Ex. 1 (License Agreement) at § 13(c)(iii). |
| 109.   On November 1, 2019, Honey Baked Licensing renewed the demand the Licensor had made on May 24, 2010 that Honey Baked California transfer ownership | 109.   Gore Dec., ¶¶ 23-24; Solish Dec., ¶ 21, Appx. of Exs., Ex. 35. |

PLAINTIFF AND COUNTERCLAIM DEFENDANT HONEY BAKED HAM INC.'S SEPARATE STATEMENT IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| of the domain name shophoneybaked.com. The renewed demand required transfer of ownership by March 1, 2020. | |
| 110.   When this demand was not acceded to, Honey Baked USA followed up by issuing a "Guideline" that required Honey Baked California to transfer ownership of the domain name to Honey Baked USA, without consideration. | 110.   Gore Dec., ¶ 24 ; Solish Decl., ¶ 27, Appx. of Exs., Ex. 41 at HBHUSA0088481. |
| 111.   Section 6(b)(xi) of the License Agreement gives Honey Baked Licensing the right to "administer an orderly system for Mail Order Transactions for the benefit of the entire HoneyBaked system." | 111.   Gore Dec., ¶ 6, Appx. of Exs., Ex. 1 (License Agreement) at § 6(b)(xi). |
| 112.   The License Agreement acknowledges the "fundamental right" of Honey Baked California to engage in Mail Order transactions. | 112.   Gore Dec., ¶ 6, Appx. of Exs., Ex. 1 (License Agreement) at § 6(b)(xi). |
| 113.   Those Mail Order transactions have been processed through the shophoneybaked.com website. | 113.   *See* Gore Dec., ¶¶ 11-10, 25-26. |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

PLAINTIFF AND COUNTERCLAIM DEFENDANT HONEY BAKED HAM INC.'S SEPARATE STATEMENT IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 114.    Today, the Internet Guidelines promulgated by Honey Baked USA apply only to itself and Honey Baked California. | 114.    Solish Dec., ¶ 14, Appx. of Exs., Ex. 28, Bolton Depo., at 48:22-50:23. |
| 115.    The License Agreement had a provision that kept the Licensor, and now the Counterclaimants, in check by limiting the right to require compliance with a rule only if "all of Licensor's licensures are subject to such requirements." | 115.    Gore Dec., ¶ 6, Appx. of Exs., Ex. 1 (License Agreement) at § 6(c)(iv). |
| 116.    All licensees in the United States, except for but Honey Baked California, were members of the same extended family. | 116.    Gore Dec., ¶ 9. |
| 117.    Right after signing the renewal License Agreement, however, the Licensor consolidated all of the U.S. licensees, except Honey Baked California. | 117.    *See* Gore Dec., ¶ 9. |
| 118.    Since this Court's initial ruling on the state selector, there has been an orderly system of referrals to shophoneybaked.com, which would not be | 118.    Gore Dec., ¶ 25. |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| improved by a change in the right to use a domain name. | |

## VI.    There is No Viable Claim for Underpayment of Royalties (Count VII)

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 119.    Honey Baked USA's then CEO, Ms. van Rees, informed this Court of her suspicions about irregularities, discrepancies, inaccurate reporting, and a shortfall of royalty payments "over the years [that] could total millions of dollars." | 119.   Solish Dec., ¶ 28, Appx. of Exs., Ex. 42 (Declaration of Linda van Rees) at ¶¶ 4-5, 8, 18, 22 and 23. |
| 120.    Linda van Rees was obsessed with a misguided belief that the California licensee had been dishonest about its royalty payments. | 120.   Solish Dec., ¶ 30, Appx. of Exs., Ex. 44. |
| 121.    Honey Baked USA's own Controller characterized Ms. Van Rees' obsession as a "witch-hunt," and compared the paranoia of Ms. van Rees in believing that Honey Baked California was "trying to screw us" to the "vendetta" of "Maleficent" and her "massive paranoia" in the Disney movie, | 121.    Solish Dec., ¶¶ 15-16, 30, Appx. of Exs., Ex. 29, Deposition of Carolyn Kinzler ("Kinzler Depo."), at 16:19-20:14, 33:7-34:25, 36:1-6; Ex. 30; Ex. 44. |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| *Maleficent, Mistress of Evil.* | |
| 122.    Honey Baked USA initiated its audit on June 10, 2020. | 122.    Gore Dec., ¶ 10. |
| 123.    In July of 2021, at the close of fact discovery in this case, the CFO for Honey Baked USA and the PMK on the audit claim, when asked if Honey Baked California owes money for unpaid royalties, answered, "I-I do not have any conclusion that they either-that they've either overpaid us or underpaid us." | 123.    Solish Dec., ¶ 9, Appx. of Exs., Ex. 23, Jones Depo., at 30:23-31:2. |
| 124.    Two weeks after the CFO's deposition, an expert witness report was served wherein the expert states that he has "been asked to assume that revenue is recognized at the time a gift card is issued." Based upon that *ipse dixit* assumption, the expert calculated that $51,525 is owed on gift card transactions. | 124.    Solish Dec., ¶ 10, Appx. of Exs., Ex. 24, Taylor Report at 17, 22. |
| 125.    Complimentary gift cards were issued to customers after Easter of 2020. | 125.    Gore Dec., ¶ 41. |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 126.   Honey Baked California substantially overpaid its royalties because it mistakenly paid $234,982.04 in royalties on shipping charges. | 126.   Gore Dec., ¶ 6, Appx. of Exs., Ex. 1 (License Agreement) at § 4(a); Wang Dec., ¶ 3, Appx. of Exs., Ex. 14. |
| 127.   Honey Baked USA's Chief Financial Officer, asked whether shipping was a "product," answered, "It's not a product. No." | 127.   Solish Dec., ¶ 9, Appx. of Exs., Ex. 23, Jones Depo., at 52:20-21. |
| 128.   Even if royalties were due on the sale of gift cards, Honey Baked California has still overpaid more than $183,457 in royalties and owes nothing. | 128.   *See* Wang Decl. ¶ 3, Appx. of Exs., Ex. 14. |
| 129.   Counterclaimants admit that they have "not yet demanded any specific payment for an alleged deficiency or underpayment under Section 9(e) of the License Agreement." | 129.   Solish Dec., ¶ 4, Appx. of Exs., Ex. 18 (Response to Requests for Admission) at 1:21-2:4. |
| 130.   Honey Baked California has already paid more than $9.4 million in royalties under the License Agreement. | 130.   Wang Dec., ¶ 4, Appx. of Exs., Ex. 15. |

PLAINTIFF AND COUNTERCLAIM DEFENDANT HONEY BAKED HAM INC.'S SEPARATE STATEMENT
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

## VII.   Honey Baked USA Has No Right to Sell into California

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 131.   In anticipation of negotiating the 2015 License Agreement, the Licensor wrote: "Exclusive license. **Will need to clarify the right**. . . to sell products under proprietary marks **in the territory**. . . for the purpose of selling spiral sliced hams **and through mail order transactions**." (Emphasis added) | 131.   Solish Dec., ¶ 5, Appx. of Exs., Ex. 19, van Rees Depo., at 110:17-111:9; Gore Dec. ¶ 7, Appx. of Exs., Ex. 2. |
| 132.   The Internet was a "super touchy area." | 132.   Solish Dec., ¶¶ 5, 7, Appx. of Exs., Ex. 21 at HBHUSA0011930; Ex. 19, van Rees Depo., at 192:6-195:23, 202:6-14. |
| 133.   Van Rees characterized this part of the "California contract [as] sticky and a bit unfortunate. . . No avoiding the difficulties here." | 133.   Solish Dec., ¶¶ 5, 7, Appx. of Exs., Ex. 21 at HBHUSA001135; Ex. 19, van Rees Depo., at 192:6-195:23, 202:6-14. |
| 134.   A "Mail Order Transaction" is the "fulfillment of orders that require shipment of foot to customers, including orders. . . through online catalogs accessible on | 134.   Gore Dec., ¶ 6, Appx. of Exs., Ex. 1 (License Agreement) § 1(g). |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| Internet. . . ." | |
| 135.   Under the caption "*Exclusive Rights*," Honey Baked California has "the exclusive right and license to use the Proprietary Marks and the System [in]. . . Mail Order Transactions, *to the extent permitted by Section 6(b)(xi).*" (Emphasis added) | 135.   Gore Dec., ¶ 6, Appx. of Exs., Ex. 1 (License Agreement) § 2(a). |
| 136.   Section 6(b)(xi) provides an express right *to the Licensee*: "*Licensee* may sell Branded and Non-Branded Products in the Territory through Mail Order Transactions. . . ."  (Emphasis added) | 136.   Gore Dec., ¶ 6, Appx. of Exs., Ex. 1 (License Agreement) at § 6(b)(xi). |
| 137.   The non-existent collateral right for the *Licensor* to sell into California is addressed in the "*Rights Retained*" provision: "[E]xcept as expressly granted in Section 2(a), Licensor retains all rights to . . . market and sell. . . the Branded Products outside the Territory including. . .the right to market and sell. . . through any distribution channels to customers located *outside the Territory*, **and to the extent** | 137.   Gore Dec., ¶ 6, Appx. of Exs., Ex. 1 (License Agreement) at § 2(b)(i). |

USA.603805845.9/J9L

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| *permitted in Section 6(b)(xi),* **to customers located inside the Territory**. . . .”  (Emphasis added) | |
| 138.    Linda van Rees was designated the person most knowledgeable on the topic of Honey Baked USA's rights under the License Agreement. | 138.    Solish Dec., ¶ 6, Appx. of Exs., Ex. 20. |
| 139.    Linda van Rees acknowledged that any retained rights of the Counterclaimants to sell Honey Baked products into California are set forth in § 6(b)(xi). | 139.    Solish Dec., ¶ 5, Appx. of Exs., Ex. 19, van Rees Depo., at 122:23-123:15. |
| 140.    Asked to point to the provision in the License Agreement that gives Honey Baked USA the right to make Internet sales into California, Ms. van Rees cites a sentence that begins “*Licensee may not* ship products. . . .” (going on to define the *Licensee's* right to make sales out of California). | 140.    Solish Dec., ¶ 5, Appx. of Exs., Ex. 19, van Rees Depo., at 124:5-16, 127:1-7. |
| 141.    Asked how a sentence that begins “*Licensee may not*” grants “the right to sell | 141.    Solish Dec., ¶ 5, Appx. of Exs., Ex. 19, van Rees Depo., at 128:15- |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

PLAINTIFF AND COUNTERCLAIM DEFENDANT HONEY BAKED HAM INC.'S SEPARATE STATEMENT
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| products to customers in California" *to Honey Baked USA,* Ms. van Rees answered, "That is how we translated this language for decades. That's how we read it. There was never even discussion around this point." | 129:1. |
| 142.   Asked if "there's anything in the custom and practice that modifies the language of the agreement as to the right to sell hams into California," Ms. van Rees answered, "No." | 142.   Solish Dec., ¶ 5, Appx. of Exs., Ex. 19, van Rees Depo., at 136:1-5. |
| 143.   In an initial draft of the License Agreement a sentence in the subject provision, § 6(b)(xi), stated:  "Licensee acknowledges that Licensor or other licensee may, without compensating or notifying Licensee, ***make sales*** or provide appropriate literature in response ***to unsolicited orders from consumers or orders placed by existing customers located within the Territory.***" | 143.   Gore Dec., ¶ 8, Appx. of Exs., Ex. 3 at HBHCA0001068. |
| 144.   This sentence is not in the License | 144.   *Compare* Gore Decl., ¶ 6, Appx. |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

PLAINTIFF AND COUNTERCLAIM DEFENDANT HONEY BAKED HAM INC.'S SEPARATE STATEMENT
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| Agreement. | of Exs., Ex. 1 at HBHUSA0023781 *with* Gore Decl., ¶ 8, Appx. of Exs., Ex. 3 at HBHCA0001068. |

## Conclusions of Law

Based on the foregoing Uncontroverted Facts, the following Conclusions of Law should be made:

### Legal Standard for Summary Judgment Motion

1.      Summary judgment is appropriate where the record, read in the light most favorable to the non-movant, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

2.      The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

3.      Summary adjudication, or partial summary judgment, "upon all or any part of [a] claim," is appropriate where there is no genuine dispute as to any material fact regarding that portion of the claim.  Fed. R. Civ. P. 56(a); *see also Lies v. Farrell Lines, Inc.,* 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim").

4.      Material facts are those necessary to the proof or defense of a claim, and are determined by referring to substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

5.      "In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately

PLAINTIFF AND COUNTERCLAIM DEFENDANT HONEY BAKED HAM INC.'S SEPARATE STATEMENT
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

1   supported by the moving party are admitted to exist without controversy except to the

2   extent that such material facts are (a) included in the 'Statement of Genuine Disputes'

3   and (b) controverted by declaration or other written evidence filed in opposition to the

4   motion." L.R. 56-3.

5       6.      "Rule 56[(a)] mandates the entry of summary judgment . . . against a party

6   who fails to make a showing sufficient to establish the existence of an element essential

7   to that party's case, and on which that party will bear the burden of proof at trial."

8   *Celotex Corp.*, 477 U.S. at 322.

9   **The Franchise Termination Claims Fail as a Matter of Law (Counts XI and VII)**

10      7.      The California legislature determined that "franchisees are in need of

11  special protection in dealing with franchisors." *Keating v. Sup. Ct.* (*Southland Corp.*), 31

12  Cal. 3d 584, 593-94 (1982), *overruled on other grounds* (FAA preemption), 459 U.S.

13  1101.  Courts have noted the "bargaining disparity between franchisors and

14  franchisees" and "the unequal bargaining power of franchisors and franchisees," which

15  "carries within itself the seeds of abuse." *Postal Instant Press, Inc. v. Sealy*, 43 Cal. App.

16  4th 1704, 1716 (1996).  "Although franchise agreements are commercial contracts they

17  exhibit many of the attributes of consumer contracts." *Id.* at 1715.

18      8.      Judge Fischer held that the statutory "protections for franchisees in the

19  event of termination" express "a fundamental policy of California." *Devore v. H&R*

20  *Block Tax Servs., LLC*, 2016 WL 11520668, at *2-3 (C.D. Cal. May 11, 2016); *see also*

21  *Jones v. GNC Franchising*, 211 F.3d 495, 498 (9th Cir. 2000) (holding that California has a

22  "strong public policy" protecting franchisees).

23      9.      "[T]he CFRA requires a notice of termination regardless of whether the

24  franchisor terminates the agreement with or without the opportunity to cure." *Tikiz*

25  *Franchising, LLC v. Piddington*, 2017 WL 8780761, at *8 (S.D. Fla. Aug. 1, 2017) (applying

26  California law and citing § 20021).  "[T]he CFRA not only requires a 'notice of

27  termination,' but it also *requires that the notice be in writing and contain specific, mandatory*

28

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1  *information.*" *Id.* (emphasis added).

2      10.     The notice of termination of a California franchise:

3              (a)    Shall be in writing;

4              (b)    **Shall be** posted by registered, **certified, or other receipted**

5              **mai**l, delivered by telegram or personally delivered to the

6              franchisee; and

7              (c)    **Shall contain a statement of intent to terminate . .**

8              **. together with the reasons therefor, and [t]he effective date**

9              **of such termination**. . . .

10  Bus. & Prof. Code § 20030 (emphasis added).

11      11.     Statutory notice provisions are strictly construed against the party required

12  to provide notice.  *Diamond v. Sup. Ct.*, 217 Cal. App. 4th 1172, 1193 (2013) ("the notice

13  requirements of sections 1367.1 and 1367.4 are mandatory.");  *ESA Mgmt., LLC v. Jacob*,

14  63 Cal. App. 5th Sup. 1 (2021) (in an unlawful detainer proceeding, there must be

15  compliance with statutory notice requirements "which are strictly construed.").

16      12.     This is all the more the case here because termination of the License

17  Agreement would work a forfeiture.  Because "equity abhors a forfeiture," 7 Witkin,

18  *Summary of Cal. Law (8th), Equity* § 18, at 5243, a "condition involving a forfeiture must

19  be strictly interpreted against the party for whose benefit it is created."  Cal. Civ. Code

20  § 1442.

21      13.     If a party fails to provide the requisite statutory notice, it may not enforce

22  rights or obtain remedies under that statute.  *Diamond*, 217 Cal. App. 4th at 1193

23  ("Pursuant to section 1367.1, subdivision (d), the Association was required to send

24  Diamond a copy of the recorded notice of delinquent assessment by certified mail no

25  later than 10 calendar days after the recordation. Since the Association admittedly failed

26  to satisfy this notice requirement, the assessment lien recorded on Diamond's property

27  is not valid and may not be enforced in a judicial foreclosure action.");  *IGA Aluminum*

28

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

1   *Prod., Inc. v. Manufacturers Bank*, 130 Cal. App. 3d 699, 706 (1982) ("Because proper

2   service of the preliminary notice is a prerequisite to perfecting a lien, and because the

3   papers show that plaintiff failed to give notice according to section 3097, the judgment

4   [in favor of the defendant] is affirmed.").

5       14.    Summary judgment is appropriate if the plaintiff failed to provide the

6   requisite notice before filing the complaint.  *See e.g. Store Spe LA Fitness v. Fitness Int'l,*

7   *LLC*, 2021 WL 3285036, at *5 (C.D. Cal. June 30, 2021) ("it is undisputed that

8   Plaintiffs did not provide written notice of default relating to approval of the potential

9   sublease until nearly three months after it was terminated, and even then the written

10   notice did not ask Plaintiffs to cure any purported default because the potential

11   sublease was already terminated. ... Given that the Court has strictly construed the

12   language in the lease as requiring written notice and 30 days to cure, the Court finds it

13   appropriate to grant summary judgment….")

14       15.    First, because Honey Baked Licensing concedes that the manner of

15   posting the notices did not comply with the statutory requirements, there is no triable

16   issue of material fact, and the termination claims fail as a matter of law.  *Diamond*, 217

17   Cal. App. 4th at 1197 (directing the trial court to grant the defendant's motion for

18   summary judgment because the undisputed facts established that the plaintiff had not

19   complied with statutory notice requirements).

20       16.    Second, because Honey Baked Licensing did not provide a notice of

21   immediate termination, Count XII for the *immediate* termination fails as a matter of law.

22   "In order to terminate a franchise without an opportunity to cure, the franchisor must

23   provide '*immediate notice of termination.*'"  *Tikiz Franchising*, 2017 WL 8780761 at *8

24   (following California law) (emphasis added).  This never occurred.

25       17.    Third, because Honey Baked Licensing did not provide a notice with the

26   right to cure, Honey Baked California is entitled to summary judgment as to Count XI.

27   To terminate a franchise under Business & Professions Code § 20020, the franchisor

28

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

USA.603805845.9/J9L

1    must provide the franchisee with "notice" of the termination and a reasonable

2    opportunity to cure the failure.  The CFRA "prohibits a franchisor from terminating a

3    franchise without good cause and requires the franchisor to give a franchisee notice to

4    cure any transgressions." *JRS Prods., Inc. v. Matsushita Elec. Corp. of Am.*, 115 Cal. App.

5    4th 168, 173 (2004).

6         18.    Alternatively, Counterclaimants have waived any breaches.  Where the

7    injured party continues to perform and accepts further performance from the guilty

8    party after the alleged breach, this constitutes a waiver of the breach." *MAG Aerospace*

9    *Indus., LLC v. Precise Aerospace Mfg., Inc.*, 2019 WL 6655398, at *5 (C.D. Cal. May 15,

10   2019); *see also Apex Pool Equip. Corp. v. Lee*, 419 F.2d 556, 562 (2d Cir. 1969) (when the

11   "injured party chooses to go on, he loses his right to terminate the contract because of

12   the default"); *Leiter v. Eltinge*, 246 Cal. App. 2d 306, 317 (1966) ("'[T]reating the contract

13   as binding after full knowledge of the breach[ ] is a waiver of the right to rescind the

14   contract for the material breach.").

15              **The Specific Performance Claims Fail as a Matter of Law**

16        19.    Specific performance is not practically feasible.  California courts have

17   generally followed the "rule prohibiting specific enforcement 'where the contracts

18   stipulate a succession of continuous acts which require protracted supervision and

19   direction by the court with the exercise of special knowledge, skill and judgment by the

20   parties performing the acts.'" *Okun v. Morton*, 203 Cal. App. 3d 805, 820 (1988); *Long*

21   *Beach Drug Co. v. United Drug Co.*, 13 Cal. 2d 158, 171-72 (1939) (declining to accept the

22   impossible task of specifically enforcing a dealership agreement).

23        20.    Personal service contract cannot be specifically enforced.  Civil Code §

24   3390 establishes that "[t]he following obligations cannot be specifically enforced:  [a]n

25   obligation to render personal service; [a]n obligation to employ another in personal

26   service." *Barndt v. County of Los Angeles*, 211 Cal. App. 3d 397, 404 (1989).

27              **The Claims for the Unauthorized Use of Trademarks Fail**

28

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

PLAINTIFF AND COUNTERCLAIM DEFENDANT HONEY BAKED HAM INC.'S SEPARATE STATEMENT
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM

21.     Honey Baked California had written approval to use the trademarks on the subject products because Counterclaimants' brand standards required the use of the trademarks on the subject products.

22.     Counterclaimants' claims are barred by laches.  Laches prevents a party from unreasonably delaying the enforcement of its rights, despite knowledge that another company has been using its trademark.  *Evergreen Safety Council v. RSA Network Inc.*, 697 F. 3d 1221, 1226 (9th Cir. 2012).  Laches applies when two criteria are met: first, the plaintiff unreasonably delayed in bringing suit; and second, that delay prejudiced the defendant.

23.     There is a strong presumption in favor of laches because Counterclaimants have known for years that Honey Baked California was using the trademarks.  *Eat Right Foods Ltd. v. Whole Foods Mkt., Inc.*, 779 F. App'x 471, 473 (9th Cir. 2019) (trademark owner failed to overcome the "strong presumption … that laches applie[d]" when the lawsuit was filed after the three applicable statute of limitations); *Delta Forensic Eng'g, Inc. v. Delta V Biomechanics, Inc.,* 402 F. Supp. 3d 902, 911–12 (C.D. Cal. 2019) (holding that laches barred trademark claims under "California's four-year statute of limitation for trademark infringement actions.")

24.     Likewise, Count IV for breach of the License Agreement for unauthorized use of the trademarks is time-barred under California's four-year statute of limitations for contract claims.  Cal. Code Civ. Proc. § 337.

25.     Estoppel and waiver also bar Counterclaimants' trademark claims.  *Matsuo Yoshida v. Liberty Mut. Ins. Co.*, 240 F.2d 824, 829–30 (9th Cir. 1957) ("estoppel is any conduct, express or implied, which reasonably misleads another to his prejudice so that a repudiation of such conduct would be unjust in the eyes of the law.")

26.     Honey Baked California had written approval from Counterclaimants to use the subject domain names.

27.     Counterclaimants released all claims to the domain names.  License

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

1    Agreement, Ex. F, the Release Agreement.

2         28.    Counterclaimants cannot obtain the domain names by changing their

3    guidelines.  A franchisor may "'not act to destroy the right of the franchisee to enjoy

4    the fruits of the contract. . . . '"  *Vylene Enters., Inc. v. Naugles, Inc.* (*In re Vylene Enters.,*

5    *Inc.*)*,* 90 F.3d 1472, 1477 (9th Cir. 1996).

6         29.    A franchisor may adopt standards that benefit the franchise system, but

7    where a change in standards creates an unfair economic benefit favoring the franchisor,

8    courts have interceded.  *See, e.g., Huang v. Holiday Inns, Inc.*, 594 F. Supp. 352, 359 (C.D.

9    Cal. 1984) (when implementing new system requirements, a franchisor cannot impose

10   "conditions by which a franchisor might extort its own profit at the expense of the

11   profits of the franchisee;" "the requirements [should be] of the kind that would work to

12   the advantage of both parties"); *Bonfield v. AAMCO Transmissions, Inc.*, 708 F. Supp. 867,

13   885 (N.D. Ill.1989) ("when AAMCO decided to change its policies, its implied duty of

14   good faith compelled it to do so 'reasonably and with proper motive.' . . . So even if the

15   express terms of the Agreement permitted AAMCO to alter its policies, it could not

16   change them arbitrarily."); *Bird Hotel Corp. v. Super 8 Motels, Inc.,* 2010 WL 572741

17   (D.S.D. Feb. 16, 2010) (although a franchisor had retained the right to change a

18   franchised motel system, it breached the contract by imposing a fee on its franchisees

19   as part of a new customer rewards program); *Carvel Corp. v. Diversified Management Group,*

20   *Inc.*, 930 F.2d 228 (2d Cir. 1991) (finding that Carvel "acted within the bounds of its

21   discretion, [but that] it would be in breach [of the covenant of good faith and fair

22   dealing] if it acted unreasonably").

23               **There is No Viable Claim for Underpayment of Royalties**

24        30.    Royalties are not due on the sale of gift cards because gift cards are *not*

25   listed as products.

26               **Honey Baked USA Has No Right to Sell into California**

27        31.    A "Mail Order Transaction" is the "fulfillment of orders that require

28

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1  shipment of food to customers, including orders . . . through online catalogs accessible

2  on Internet. . . ."  License Agreement, § 1(g).

3       32.     Under the caption "*Exclusive Rights*," Honey Baked California has "the

4  exclusive right and license to use the Proprietary Marks and the System [in]. . . Mail

5  Order Transactions, *to the extent permitted by Section 6(b)(xi)*."  License Agreement, § 2(a)

6  (emphasis added).

7       33.     Section 6(b)(xi) provides an express right *to the Licensee*: "*Licensee* may sell

8  Branded and Non-Branded Products in the Territory through Mail Order

9  Transactions. . . ."  License Agreement, § 6(b)(xi) (emphasis added).

10      34.     The non-existent "collateral right" for the *Licensor* to sell into California is

11  addressed in the "*Rights Retained*" provision:  "[E]xcept as expressly granted in Section

12  2(a), Licensor retains all rights to . . . market and sell. . . the Branded Products outside

13  the Territory including . . . the right to market and sell. . . through any distribution

14  channels to customers located *outside the Territory*, **and to the extent permitted in**

15  ***Section* 6(b)(xi), to customers located inside the Territory**. . . ."  License

16  Agreement, § 2(b)(i) (emphasis added).

17      35.     Section 6(b)(xi) gives Honey Baked California the exclusive right to sell in

18  California.  Honey Baked USA has no right to sell into California.

19

20  Dated:  August 30, 2021                  Respectfully submitted,

21                                            **BRYAN CAVE LEIGHTON PAISNER LLP**

22

23                                            By: */s/ Jonathan Solish*

24                                            Jonathan Solish
                                             Attorneys for Plaintiff and Counterclaim
25                                            Defendant HONEY BAKED HAM INC.

26

27

28