KILPATRICK TOWNSEND & STOCKTON LLP
KOLLIN J. ZIMMERMANN (State Bar No. 273092)
*kzimmermann@kilpatricktownsend.com*
1801 Century Park East, Suite 2300
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

J. DAVID MAYBERRY (Admitted *Pro Hac Vice*)
*dmayberry@kilpatricktownsend.com*
The Grace Building
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

MARK H. REEVES (Admitted *Pro Hac Vice*)
*mreeves@kilpatricktownsend.com*
Enterprise Mill
1450 Greene Street, Suite 230
Augusta, Georgia 30901
Telephone: (706) 823-4206
Facsimile: (706) 828-4488

PLAVE KOCH PLC
JAMES C. RUBINGER (Admitted *Pro Hac Vice*)
*jrubinger@plavekoch.com*
12005 Sunrise Valley Drive, Suite 200
Reston, Virginia 20191
Telephone: (703) 774-1200
Facsimile: (703) 774-1201

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **HONEY BAKED HAM INC.**, <br><br>Plaintiff & Counterclaim-Defendant, <br><br>v. <br><br>**HONEY BAKED HAM COMPANY LLC**, et al., <br><br>Defendants & Counterclaim-Plaintiffs. | CASE NO.: 8:19-cv-01528-JVS (DFMx) <br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR ORAL ARGUMENT REGARDING SUMMARY JUDGMENT** <br><br>Judge: Hon. James v. Selna <br>Courtroom: 10C, 411 West 4th Street <br>       Santa Ana, CA 92701 <br>Date: October 4, 2021 <br>Time: .1:30 p.m. <br>Second Amended Complaint filed: <br>       September 18, 2020 |

Plaintiff's request for oral argument repeats arguments already considered and rejected by the Court. Nothing in it merits a hearing or any revision of the Court's October 15, 2021, tentative order.

## I. Counterclaims XI and XII – Declaratory Relief regarding Termination

As it did in its principal briefing, Plaintiff complains that Honey Baked USA[1] has not complied with the formal statutory requirements for a notice of termination of the License Agreement, then follows with the *non sequitur* that this somehow prevents Honey Baked USA from obtaining a declaration that it has the right to issue such a notice. The argument has no more merit the second time.

Plaintiff's reliance on the formal requirements for notices of termination under California Business and Professions Code (CBPC) § 20030 continues to be misplaced. That provision governs "notices of termination or nonrenewal," not notices of noncompliance. *Compare* CBPC § 20030 *with* CBPC § 20020 (discussing a "notice of noncompliance" that must precede termination). Honey Baked USA has provided notices of noncompliance that put Plaintiff on notice of the grounds on which Honey Baked USA seeks to terminate the License Agreement, and it has asked the Court to determine whether those grounds justify termination under California law. Honey Baked USA's "failure" to comply with the as-yet unimplicated § 20030 is entirely immaterial to the question before the Court.

Additionally, the short shrift that Plaintiff gives counterclaim XII, which seeks a declaration of Honey Baked USA's right to terminate the License Agreement pursuant to CBPC § 20021, is telling. The declaratory relief that Honey Baked USA seeks is particularly suited to termination under § 20021, which does not require or contemplate any notice and cure period. Many of the breach of contract claims in the Second Amended Counterclaims are still alive, and the fact issues presented in such claims must be resolved prior to ruling on the declaratory judgment counts. Should

---

[1] For ease of reference, Defendants collectively refer to themselves as "Honey Baked USA."

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR ORAL ARGUMENT

the Court determine following trial that Plaintiff has engaged in conduct justifying termination of the License Agreement, Honey Baked USA will proceed to issue the requisite notice of immediate termination. Aside from having had the benefit of additional time to operate its business under the contract, Plaintiff will be in no different, certainly no worse, position that it would have been in had Honey Baked USA issued a notice of immediate termination when it first filed its counterclaims.

Finally, Plaintiff's citations of case law are both untimely and inapposite. The cases cited in the declaratory relief section of Plaintiff's brief were issued in advance of Plaintiff's briefing and could have been cited therein. And this Court's recent opinion in *Store SPE LA Fitness v. Fitness International*, which dealt with a contractual notice-and-cure period that was not honored when the terminating party did not provide a written notice of default until months after terminating the contract, is readily distinguishable. Plaintiff has briefed its position thoroughly and offers no reason to believe that further oral argument will offer new insight, so a hearing is unnecessary.

## II.   Second Amended Complaint Counts I-III – Collateral Rights

Here, too, Plaintiff offers no new insight or credible grounds for reconsidering the tentative order. Instead, it insistently reiterates its argument that § 6(b)(xi) of the License Agreement should be read in isolation from § 2(b)(i). The Court correctly rejected this argument in the tentative order, and it correctly read the provisions in concert to conclude that the reservation of rights in § 2(b)(i) necessarily reserves to Honey Baked USA the same extra-territorial collateral rights granted to Plaintiff in § 6(b)(xi). And like Plaintiff's legal argument, the extrinsic evidence of drafting history on which it relies has already been presented to and considered by the Court. Again, Plaintiff has briefed its position thoroughly and offers no reason to believe that further oral argument will offer new insight, so a hearing is unnecessary.

### III.   Counterclaims V, VIII, and X – Domain Name

Finally, as in its principal briefing, Plaintiff erroneously attempts to cast Honey Baked USA's demand that Plaintiff transfer ownership of the shophoneybaked.com domain as unnecessary to the administration of an orderly system and complains that it "was made in the midst of contentious litigation." Dkt. 201 at 5. Honey Baked USA's right to demand transfer of the domain registrations is not derived from its right to run an orderly system; it is, as the tentative order rightly notes, derived from the License Agreement's explicit statement that "Licensee may not register or use domain names … without the prior written consent of Licensor, which shall have the right to require such domain names to be registered in Licensor's name." Dkt. 143-1, § 6(c)(iv). Honey Baked USA's right to administer an orderly system is irrelevant to its right to demand transfer of Plaintiff's domain registrations. The fact that the demand was made during the course of litigation is likewise irrelevant. Plaintiff cannot sue Honey Baked USA, then claim that the pending litigation prevents Honey Baked USA from exercising its contractual rights (which were established and agreed upon well prior to this litigation) or otherwise running its business.

Likewise, Linda van Rees did not testify in her August 2019 declaration that Honey Baked USA would never demand transfer of Plaintiff's domain name registrations or otherwise change the way the parties do business online. Rather, she accurately described the state of affairs as they existed at that time and as they would have existed had Honey Baked USA implemented its since-abandoned plans to eliminate the state selector from the national website. *See generally* Dkt. 16. In any event, Plaintiff's assertion that Ms. van Rees's testimony somehow renders the clear language of § 6(c)(iv) ambiguous is meritless.

Similarly, Plaintiff has failed to show how transferring the registration of shophoneybaked.com to Honey Baked USA and being required to use the domain ca.honeybaked.com instead would materially undermine its fundamental right to engage in Mail Order Transactions. Even under a new domain name, Honey Baked

would continue to make sales, advertise its website, and receive referrals from Honey Baked USA's website.

Plaintiff's argument that its retaining ownership of domain names using Honey Baked USA's Proprietary Marks poses no risk of harm to Honey Baked USA is incorrect. To cite only a couple of examples, Plaintiff could go bankrupt, resulting in the domain registrations being placed it a bankruptcy estate, or it could purport to assign the domain registrations to a third party. Either scenario would, at best, create substantial obstacles to Honey Baked USA's control of its Proprietary Marks. The License Agreement's provision allowing Honey Baked USA to own domain names using its Proprietary Marks avoids such risks.

For all of the foregoing reasons, the Court should deny Plaintiff's request for a hearing and adopt the tentative order as its final order on the parties' cross-motions for summary judgment.

DATED:  October 20, 2021                    Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

 /s/ John David Mayberry
J. David Mayberry (Admitted *Pro Hac Vice*)
dmayberry@kilpatricktownsend.com
The Grace Building
1114 Avenue of the Americas
New York, New York 10036
Telephone:   (212) 775-8700
Facsimile:    (212) 775-8800

Kollin J. Zimmermann (State Bar No. 273092)
kzimmermann@kilpatricktownsend.com
1801 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone:   (310) 248-3830
Facsimile:    (310) 860-0363

Mark H. Reeves (Admitted *Pro Hac Vice*)
mreeves@kilpatricktownsend.com
Enterprise Mill
1450 Greene Street, Suite 230

Augusta, Georgia 30901
Telephone:   (706) 823-4206
Facsimile:   (706) 828-4488

PLAVE KOCH PLC

James C. Rubinger (Admitted *Pro Hac Vice*)
*jrubinger@plavekoch.com*
12005 Sunrise Valley Drive, Suite 200
Reston, Virginia 20191
Telephone:   (703) 774-1200
Facsimile:   (703) 774-1201

*Attorneys for Defendants*